IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ANIMO BANCORP, INC., | § | Case No. 24-50359-CAG |
| | § | |
| Debtor. | § | CHAPTER 7 |

| | | |
|---|---|---|
| JOHN PATRICK LOWE, CHAPTER 7 | § | |
| TRUSTEE | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adversary Proc. No. 24-05019-CAG |
| | § | |
| FIELD MANNING STONE AYCOCK P.C., | § | |
| Defendant | § | |

**ORIGINAL ANSWER TO ADVERSARY COMPLAINT**

Field Manning Stone Aycock P.C., ("Defendant") by and through their undersigned counsel, files this answer to address the allegations made in John Patrick Lowe's, Chapter 7 Trustee, ("Trustee") complaint. Defendant answers as follows:

**NATURE OF CASE**

1. A responsive pleading is not required to this paragraph, and Trustee's allegations are therefore denied or avoided. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

2. A responsive pleading is not required to this paragraph, and Trustee's allegations are therefore denied or avoided. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

**JURISDICTION AND VENUE**

3. A responsive pleading is not required to this paragraph, and Trustee's allegations

are therefore denied or avoided. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

4. A responsive pleading is not required to this paragraph, and Trustee's allegations are therefore denied or avoided. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

5. A responsive pleading is not required to this paragraph, and Trustee's allegations are therefore denied or avoided. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

6. A responsive pleading is not required to this paragraph, and Trustee's allegations are therefore denied or avoided. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

## PROCEDURAL BACKGROUND

7. Defendant admits the allegations in this paragraph.

8. Defendant admits the allegations in this paragraph.

## THE PARTIES

9. A responsive pleading is not required to this paragraph, and Trustee's allegations are therefore denied or avoided. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the allegations against him in this paragraph.

10. Defendant denies the first sentence of this paragraph insofar as it alleges Defendant provided services to the Debtor at all relevant times, but admits that it provided services to the Debtor for a specific time. Defendant admits the allegations in the second sentence of this paragraph.

## FACTUAL BACKGROUND

11. Defendant denies the first sentence of this paragraph that it was still involved in ongoing state court litigation as of March 5, 2024, because the appeal had been abandoned by the Debtor prior to that date. The brief deadline was March 4, 2024, and Defendant's internal deadline to begin drafting a brief was February 16, 2024, as stated in a letter to the Debtor on February 6, 2024. Defendant admits the allegation in the second sentence of this paragraph.

12. Defendant lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

13. Defendant admits the allegations in this paragraph subject to qualification that Defendant and Debtor entered into a single agreement to defend claims pursued against Debtor at the beginning of the representation and denies multiple agreements as alleged.

14. Defendant admits the allegations in this paragraph.

15. To the extent a response is required to this paragraph, Defendant lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

16. Defendant denies the allegations in this paragraph insofar as they allege a preferential payment or avoidable transfer. Defendant received the payment in the ordinary course of business.

17. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the allegations in the first sentence. Defendant admits the allegations in this second and third sentences; however, Defendant did send a letter to the Trustee explaining its potential defenses and offering full cooperation on May 28, 2024.

18. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

**CAUSES OF ACTION**
**COUNT I**
**(Avoidance of Preference Period Transfer – 11 U.S.C. § 547)**

19. To the extent a response is required to this paragraph, Defendant lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

20. Defendant admits the allegations in this paragraph but denies that the payment was preferential.

21. Defendant lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

22. Defendant admits the allegations in this paragraph.

23. Defendant denies the allegations in this paragraph that Defendant was a creditor to whom an avoidable transfer was made.

24. Defendant denies the allegations in this paragraph insofar as they try to allege Defendant was a creditor to whom an avoidable transfer was made.

25. Defendant denies the allegation in this paragraph because Debtor was not insolvent.

26. Defendant denies the allegation in this paragraph that Trustee is entitled to the presumption cited because Debtor was not insolvent..

27. Defendant denies the allegations in this paragraph insofar as they allege a preferential payment or avoidable transfer. Defendant received the payment in the ordinary course of business.

28. Defendant denies the allegations in this paragraph insofar as they allege a preferential payment or avoidable transfer. Defendant received the payment in the ordinary course of business.

29. Defendant denies the allegation in this paragraph that the transfer is avoidable.

**COUNT II**
**(Recovery of Avoided Transfers – 11 U.S.C. § 550)**

30. To the extent a response is required to this paragraph, Defendant lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

31. Defendant denies that the Trustee is entitled to avoid the transfer as the payment was made during the ordinary course of business and is not a preferential payment.

32. Defendant denies the allegations in this paragraph insofar as they allege a preferential payment or avoidable transfer. Defendant received the payment in the ordinary course of business.

33. Defendant denies the allegations in this paragraph insofar as they allege a preferential payment or avoidable transfer. Defendant received the payment in the ordinary course of business.

**COUNT II**
**(Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))**

34. To the extent a response is required to this paragraph, Defendant lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

35. Defendant denies the allegations in this paragraph insofar as they allege a preferential payment or avoidable transfer. Defendant received the payment in the ordinary course of business.

36. Defendant denies the allegations in this paragraph insofar as they allege a preferential payment or avoidable transfer. Defendant received the payment in the ordinary course of business.

37. Defendant denies the allegations in this paragraph insofar as they allege a preferential payment or avoidable transfer. Defendant received the payment in the ordinary course

of business.

**AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative defenses in regard to the Trustee's claims.

1. The transfer was received in good faith and for value by Defendant, an innocent transferee.

2. Defendant gave value for the transfer by way of legal services that are the ordinary business of Defendant.

3. The Debtor was not insolvent at the time of the transfer.

4. The transfer is not avoidable because it falls under the exemption in 11 U.S.C. 547(c)(2) for transfers made in the ordinary course of business.

Defendant reserves the right to assert additional defenses based upon discovery or further investigation. Defendant also reserves the right to amend or supplement this Answer in response to any amendments or supplements to the Complaint or pleadings filed by any other party. The inclusion of a defensive matter in this Answer under the "Affirmative Defenses" heading is not intended to relieve the Plaintiff of its burden of proof on any and all elements of its claims.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, having fully answered and defended Trustee's Complaint, Defendant respectfully requests that the Complaint be dismissed, that the Trustee recover nothing against Defendant, that costs of this action be cast upon the Trustee, and that Defendant be granted such other relief as may be just and proper.

Respectfully submitted,

**FIELD MANNING STONE AYCOCK P.C.**
2112 Indiana Avenue
Lubbock, Texas 79410
806.792.0810

*/s/ J. Paul Manning*
**J. Paul Manning**
State Bar No. 24002521
jpmanning@lubbocklawfirm.com
Attorneys for Defendant