**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: June 20, 2024.**

CRAIG A. GARGOTTA
CHIEF UNITED STATES BANKRUPTCY JUDGE

---

**UNITED STATES BANKRUPTCY COURT**
**Western District of Texas**
**San Antonio Division**

IN RE: **John Patrick Lowe, Chapter 7 Trustee v. Field Manning Stone Aycock, PC** , Debtor(s)

Case No.: 24−05019−cag

## *ORDER DISMISSING PLEADING (ECF NO. 4) FOR LACK OF COMPLIANCE WITH LOCAL RULES*

**Doc # 4 − Answer to Complaint filed by Field Manning Stone Aycock, PC, (Voss, Dax)**

**Upon consideration thereof, the court notes that the filing is deficient in the following respects:**

☐ The pleading does not include the signer's mailing address, telephone number and area code.

☐ The filing is not accompanied by the requisite form of notice.

☐ The Chapter 13 plan does not comply with Standing Order 17−02 which requires that the current District Form Chapter 13 plan be filed in all Chapter 13 cases with petition dates on and after November 1, 2017. The debtor has seven (7) days from the date of this order to file a District Form Chapter 13 plan. Failure to comply may result in the case being dismissed without further notice. The Standing Order and District Form Chapter 13 plan may be found at http://www.txwb.uscourts.gov/official−forms−western−district−texas .

☐ The Chapter 13 Plan must have an appropriate certificate of service, which lists each party served and its address.

☑ The pleading lacks the appropriate and/or no certificate of service per Local Rule 9013(c):

☐ (1) The certificate of service must be signed by an attorney or party (if appearing without counsel), certifying that service has been accomplished in the manner and on the date stated in the certificate and upon the parties required to be served.

☐ (2) The certificate of service must list each of the entities served and their addresses.

☐ (3) With Court approval, a party may serve a summary of a pleading where the pleading is voluminous, or the number of parties to be served is excessively large. In such cases, the summary shall be filed, and the certificate of service shall be appended to the summary.

☑ (4) No certificate of service.

☐ (5) Service is insufficient on all required parties in accordance with Local Rule 9013(c).

☐ The filing states an incorrect time for notice to file objections, see Local Rule 9014(a) revised 11/1/2013.

☐ The filing states an incorrect time for notice to file objections, see Local Rule 4001(a)(2) regarding motions for relief from stay as revised 11/1/2013.

☐ The pleading lacks the appropriate certificate of conference pursuant to Local Rules 9014(e) and 9014(f).

☐ The pleading lacks the proposed form of order attached as an exhibit to the motion, see Local Rule 9013(b) revised 11/1/2013.

☐ The pleading lacks the separately uploaded proposed order, see Local Rule 9013(b) revised 11/1/2013.

☐ The Objection to Claim is not in compliance with the Standing Order Regarding Objections to Proofs of Claim.

☐ The filing is not in compliance with the current Official Bankruptcy Form(s).

☐ An objection to exemption must be served on all parties.

☐ The filer's signature on the pleading or certificate of service is incomplete and does not comply with the *Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic Means in Texas Bankruptcy Courts,* Section III.B.1.(b).

☐ The pleading does not comply with the requirements for filing pleadings under the *Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic Means in Texas Bankruptcy Courts,* Section III.B.2. Specifically, the pleading was improperly filed using the ECF login information assigned to another electronic filer who did not sign the Motion. The Administrative Procedures require that the signature on the filed document correspond to the Electronic Filer's ECF login/password or that of an authorized agent of the Electronic Filer.

☐ The document does not include a case caption as required by Fed. R. Bankr. P. 1005.

☐ LR 4001 (b) Motions for Extensions of Stay under § 362(c)(3)(B). A party in interest seeking relief under § 362(c)(3)(B) shall file a motion styled "Motion for Extension of Stay Pursuant to § 362(c)(3)(B)." If the motion is filed within 7 days after the petition was filed, the Court will set an expedited hearing and debtor?s counsel shall give notice of the expedited hearing. If the motion is filed more than 7 days after the petition was filed, the motion must be accompanied by a separate motion for expedited hearing.

☐ The pleading requests multifarious relief and is hereby stricken pursuant to L. Rule 9013(a).

☐ Other(describe):

The court concludes that the filing should be dismissed without prejudice to its refiling. So **ORDERED**.

###